Per Curiam.

On March 3, 1951, at about 10 p. m., one William Craighead, while crossing Superior avenue at West 3rd street in Cleveland, was struck and killed by an automobile traveling west at a high rate of speed on Superior avenue.
The driver of the automobile did not stop but sped away, outdistancing and evading a pursuing vehicle traveling at the rate of 60 miles per hour.
Persons in the vicinity were unable to identify the driver of the speeding automobile or ascertain the license number. The automobile was described as a “Chrysler product,” a “Chrysler,” a “DeSoto” or a “Plymouth.”
The following day at about 10:20 p. m., the defendant saw police officer Skala and another officer at Lorain avenue and West 117th street and informed them that he had an accident at a place he designated which resulted from his failure to make a sharp turn, and that he went up over the tree lawn and struck a water pipe lying there.
He took Skala and the other officer to the place where he said the accident occurred. That location was at 11123 or 11125 Fidelity avenue. The officers observed the water pipe which the defendant said he struck. It was 24 to 30 inches in diameter. The defendant stated that he struck it with the left front of his automobile. There were scratch marks on the pipe and some glass on the tree lawn.
The defendant showed Skala and the other officer his 1941 or 1942 Chrysler sedan. The officers observed that the left front fender, the left bumper and the left headlight were damaged. They then took the defendant to Lorain avenue and West 117th street where he said he would get a cab to get to his work, after which they returned to the location of defendant’s automobile to make further inspection.
*141 Oil this second inspection, the officers observed damages to the front part of the hood and name plate; that there were no license plates for the current year on the automobile; that, on the front bracket, there was a 1947 license plate with some torn metal still attached to the bolts; and that there was no license plate on the rear license plate bracket, but there was freshly torn metal attached to each of the bolts.
Defendant denied having any knowledge of those damages. AVhen asked about the license plates, he stated that he did not know they were missing.
Between midnight and morning of March 5th, officer Schroedel made further inspection of the automobile. He particularly observed dents on the side of the hood and on the chrome strip running through the center of the hood and two or three spots and rubbed marks on the hood, and found several fibers of cloth imbedded or wedged behind the name plate and several strands of hair with roots and flesh still on them above the upper part of the left side of the windshield.
An attorney, who later represented the defendant in court, appeared upon the scene during that inspection. It should be noted that this was before defendant had been charged with any offense.
Upon the trial, it was shown by competent evidence that these fibers of cloth were identical in’size and form with cloth fibers taken from the coat of the deceased and that the strands of hair were the same as the hair taken from the head of the deceased.
Officer Schroedel took several photographs of the automobile, which were later introduced in evidence. These photographs showed the automobile in its damaged condition, including the mutilated license plate brackets.
The defendant attempted no explanation to the officers relative to the seriously damaged condition of *142 his automobile and did not testify in the trial of his case.
The judge was the trier of the facts. The following is a summary of the case submitted for his finding and decision:
Within 24 hours after a pedestrian was struck by a “hit-skip” driver, driving a “Chrysler product” automobile, the defendant accosted a police officer and reported that while driving a Chrysler automobile he had an accident and showed that officer and another where he claimed the accident occurred as a result of striking a water pipe lying on a tree lawn, which pipe had some scratch marks on it. Then the defendant showed the police officer the Chrysler he had driven, the damaged condition of which was such that the damage could not have been caused by the collision with the water pipe as claimed by the defendant. The license plate had been violently torn from the rear bracket. A “1947” license plate remained on the front bracket but the physical condition showed that a license plate covering it had been violently torn from the bracket leaving freshly torn metal. Defendant disclaimed knowledge of the damaged condition or that the license plates were missing.
Imbedded in or wedged behind the name plate were fibers of the clothing and in the upper part of the left side of the windshield were several strands of the hair of the man who about 24 hours earlier had been struck and killed at Superior avenue and West 3rd street.
No evidence was offered by the defense. The destruction and suppression of adverse evidence constitute a prejudicial circumstance of much weight, as does also the fabrication of a false defense. The trier of the facts was authorized to consider the failure of the defendant to testify or to make any explanation of the many incriminating facts, conditions and circum *143 stances which he must have regarded as pointing definitely to his guilt of the offense charged.
In the opinion of this court, the judgment of the trial court should not have been reversed and the defendant discharged.
The judgment of the Court of Appeals is reversed and the judgment of the Municipal Court affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.